UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMIE ORSINI,

Defendant.

INDICTMENT

23 Cr. 402 (   )

## COUNT ONE
### (Carjacking Resulting in Death)

The Grand Jury charges:

1.  On or about April 28, 2020, in the Southern District of New York, JAMIE ORSINI, the defendant, with the intent to cause death and serious bodily harm, knowingly took a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, and did aid and abet the same, and death resulted, to wit, ORSINI, together with a co-conspirator (the "Co-Conspirator") killed Steven Kraft and drove his car from Beacon, New York, to Newburgh, New York.

(Title 18, United States Code, Sections 2119(3) and 2.)

## COUNT TWO
### (Conspiracy)

The Grand Jury further charges:

2.  From at least on or about April 26, 2020, up to and including on or about April 28, 2020, in the Southern District of New York and elsewhere, JAMIE ORSINI, the defendant, together with others known and unknown, knowingly and willfully did

conspire and agree together and with each other to commit one and more offenses against the United States, to wit, 18 U.S.C. § 2119.

3. It was a part and object of the conspiracy that JAMIE ORSINI, the defendant, together with others known and unknown, with the intent to cause death and serious bodily harm, would and did knowingly take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, in violation of 18 U.S.C. § 2119.

## Overt Acts

4. In furtherance of the conspiracy and to effect the illegal objects thereof, JAMIE ORSINI, the defendant, together with others known and unknown, committed the following overt acts in the Southern District of New York:

    a. On or about April 26, 2020, ORSINI and the Co-Conspirator traveled to a Home Depot in the Town of Fishkill, New York, to purchase supplies for a scheme to murder Steven Kraft and take his car.

    b. On or about April 26, 2020, ORSINI purchased supplies for a scheme to murder Steven Kraft and take his car at a Home Depot in the Town of Fishkill, New York, paying cash.

    c. On or about April 26, 2020, ORSINI and the Co-Conspirator drove from Beacon, New York, to Newburgh, New York, in order to determine how to dispose of Steven Kraft's car.

      d.    On or about April 27, 2020, ORSINI and the Co-Conspirator traveled to a Walmart in the Town of Fishkill, New York, to purchase a "burner phone" to use as part of the scheme to murder Steven Kraft and take his car.

      e.    On or about April 27, 2020, the Co-Conspirator purchased a "burner phone" to use as part of the scheme to murder Steven Kraft and take his car.

      f.    On or about April 28, 2020, the Co-Conspirator drove Steven Kraft's car from Beacon, New York, to Newburgh, New York

(Title 18, United States Code, Section 371.)

## SPECIAL FINDINGS

5.    Count One of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count One, alleging carjacking resulting in the death of Steven Kraft, the defendant JAMIE ORSINI:

      a.    was 18 years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

      b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

      c.    intentionally inflicted serious bodily injury that resulted in the death of the victim (Title 18, United States Code, Section 3591(a)(2)(B));

      d.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

   e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3951(a)(2)(D)); and

   f. committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## FORFEITURE ALLEGATION

 6. As a result of committing the offense charged in Counts One and Two of this Indictment, JAMIE ORSINI, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), any and all property, real and personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

 7. If any of the above-described forfeitable property, as a result of any act or omission of JAMIE ORSINI, the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

4

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;<br>
Title 21, United States Code, Section 853; and<br>
Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
DAMIAN WILLIAMS  
United States Attorney