MUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JAMIE ORSINI and NICHOLAS ORSINI,

Defendants.

---

**ORDER**

7:23-cr-00402 (PMH)

On July 14, 2026, Defendant requested via email to file her sentencing submission under seal because the documents include information relating to minors, sexual assaults and other protected information. The Government and Defendant Nicholas Orsini opposed the request. (Docs. 162 & 163). On August 5, 2026, Defendant Nicholas Orsini also requested an unredacted copy of Defendant Jamie Orsini's sentencing submission and exhibits. (Doc. 167).

On July 29, 2026, the Court issued an Order denying Defendant Jamie Orsini's request to file her sentencing submission under seal and permitted her to redact documents regarding her medical records, information regarding her minor children and information referred to in ECF Rules 21.3 and 21.4 (Doc. 164). On August 4, 2026, counsel for Defendant Jamie Orsini emailed Chambers a letter setting forth her proposed redactions to her sentencing submission and exhibits.

As the Court stated in its July 29, 2026 Order, because the First Amendment right of access applies to sentencing memoranda and exhibits, Defendant's sentencing memorandum and exhibits can only be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025). "Higher values that may justify redactions include the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure, . . . financial records . . . , family affairs, illnesses, [and] embarrassing conduct with no public ramifications." *Id.* at 256 (citation omitted).

The Court grants in part Defendant Jamie Orsini's request to file under seal and redact the following exhibits to her sentencing submission: the report of Dr. Lenore Walker; the report of mitigation specialist Lyndsay Lewis and the following exhibits to her report -- Exhibit B at pages 3-11, 22-24 and 27-74, Exhibit C, Exhibit D, Exhibit F and Exhibit G; Letter of Joanne Lloyd at page 3, paragraph 1 only and not paragraph 2; Letter of Leah Postrano, the second sentence in paragraph 2 and the name of Defendant's daughter in paragraph 4; the letters of Defendant's two minor children; redacted photos to obscure the faces of her minor children; and Defendant's letter at page 5, lines 2-18. These redactions are limited to medical or other personal information of Defendant, her minor children or third parties, the sealing of which is necessary to preserve their privacy or safety. "The sensitivity of this information warrants withholding and the redactions are no more extensive than necessary to protect those interests of Defendant and the third parties." *United States v. Soliman*, No. 23-CR-00595, 2024 U.S. Dist. LEXIS 247576, at *3 (S.D.N.Y. Aug. 25, 2025).

Defendant's request to file her sentencing memorandum, reply memorandum and objections to the Presentence Investigation Report ("PSR") under seal is denied. "Sentencing submissions are highly relevant to and influential in sentencing proceedings." *Greenwood*, 145 F.4th at 255. "Sentencing proceedings and their outcome are of paramount importance not only to the criminal defendant, but also to members of the public, including the defendant's friends and family, victims of crimes, and members of the community where the crime occurred." *Id.* Defendant Jamie Orsini's request for a significant variance from the sentencing guidelines range in the PSR as set forth in her sentencing memoranda, and her objections to the PSR, will be discussed in open court at her sentencing hearing. Therefore, the public has a right to view these documents and any privacy interest of the Defendant does not overcome the First Amendment

right of access to these documents. Defendant may only redact from her sentencing memoranda and objections to the PSR the names of her minor children and any reference to their medical issues.

Finally, Defendant Nicholas Orsini is entitled to fully prepare for his sentencing hearing. Due to the arguments advanced by Defendant Jamie Orsini in her sentencing submission, and her relationship to Defendant Nicholas Orsini, fairness dictates that he have an opportunity to review the entirety of her sentencing submission. Defendant Nicholas Orsini's attorneys represent, and the Court so orders, that they will accept the sentencing material as "Attorneys Possession Only" which will enable them to review the material with Mr. Orsini. (Doc. 167).

Defendant Jamie Orsini is directed to file on the public docket her redacted sentencing submissions by August 7, 2026 and to file an unredacted copy under seal. In addition, by August 7, 2026 at 12:00 p.m., Defendant Jamie Orsini shall provide counsel for Defendant Nicholas Orsini an unredacted copy of her entire sentencing submissions.

The Clerk of Court is respectfully directed to terminate the pending letter-motion (Doc. 167).

**SO ORDERED:**

Dated: White Plains, New York
August 6, 2026

Philip M. Halpern
United States District Judge